

**SO ORDERED.**
**SIGNED this 2nd day of February, 2022**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE EASTERN DISTRICT OF TENNESSEE*
*NORTHERN DIVISION AT KNOXVILLE*

IN RE:

    **JUSTIN WAYNE DUMAS**           Case No. **3:16-BK-32001-SHB**
    **MERRY DELINA DUMAS**                   Chapter 7

    Debtors.

**AGREED ORDER ON TRUSTEE'S OBJECTION TO EXEMPTIONS**

The Trustee filed an objection to the Debtors' claimed exemptions pursuant to Fed. R. Bank. P. 4003 [Doc. 38]. The primary objection of the Trustee was a claimed $36,000.00 exemption of a "Personal Injury Lawsuit – Medical Mesh" asset that was claimed after the case was re-opened. This medical mesh lawsuit is the only asset in this matter. At a hearing on Thursday, January 27, 2022 the Trustee and the Debtor announced that they had reached an agreement to settle this dispute over the exemptions. Specifically, the Trustee has received a settlement breakdown from special counsel prosecuting this matter indicating that the estate will net (after payment of all expenses and outside legal fees) $26,873.74. As a result, there will be sufficient funds to 1) pay all timely filed unsecured claims ($5,364.18), 2) pay the estimated trustee's commission ($1,286.42) and 3) pay the

remaining surplus ($20,223.14) to the Debtor. Both the Trustee and the Debtor have agreed that this proposed payout is satisfactory, and no other party in interest has raised an objection. As a result, the Trustee's Objection to Exemptions is granted to the extent that the Debtor's claimed exemptions are reduced to permit 1) payment of the unsecured claims of $5,354.18 and 2) payment of the estimated trustee's commission of $1,286.42, with the remaining surplus to be paid to the Debtor pursuant to the United States Bankruptcy Code.

The Trustee and Debtor acknowledge that the proposed settlement, special counsel fees, and trustee commission have not been approved by this court. Should the Court not approve the proposed settlement, special counsel fees, or trustee commission, or the payout changes from what is contained in this order, either party may petition the Court to revisit this matter without prejudice.

###

**APPROVED FOR ENTRY:**

 */s/ Ryan E. Jarrard*
Ryan E. Jarrard, BPR No. 024525
Chapter 7 Trustee
**QUIST, FITZPATRICK & JARRARD, PLLC**
2121 First Horizon Plaza
Knoxville, TN 37929
Phone:  865-524-1873 ext. 212
rej@qcflaw.com


*/s/ Catherine B. Costner*
Catherine B. Costner, BPR No. 022376
Attorney for Debtor
1016 Dolly Parton Pkwy Ste 3
Sevierville, TN 37862-3740
Phone:  865-428-4794
ccostnerlaw@gmail.com